# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Diamond McBride

Case No. CH-891-A

In re Shaunice McBride

Case No. CH-892-A

October 23, 2002

BY JUDGE RANDALL G. JOHNSON

These are de novo appeals from the Juvenile and Domestic Relations District Court of the City of Richmond. At issue is whether Shaunice McBride is an abused or neglected child within the meaning of Va. Code § 16.1-288, and whether, as a result, Diamond McBride is at risk of being abused or neglected.

Diamond and Shaunice are brother and sister. Diamond is two years old. Shaunice is eleven months. On March 29, 2002, when Shaunice was four months old, her mother, Shandra Taylor, took her to the emergency room at Chippenham Hospital. Taylor reported that she had placed Shaunice in a car seat on the sofa in the living room of their home and went into the kitchen. About five minutes later, Shaunice began crying. When Taylor came into the living room, she found Shaunice lying face down on an area rug on the floor — a distance of approximately two feet below the sofa. When Shaunice would not stop crying, Taylor took her to the emergency room.

Chippenham performed a CT scan on Shaunice. The CT scan showed a frontal subdural hemorrhage, a collection of blood between the skull and the brain. She was transferred to the Medical College of Virginia. There, she was examined by Dr. Robin Foster, Director of MCV's Child Protective Team and an expert in the field of pediatrics, pediatric emergency medicine, and child abuse. A second CT scan was performed which confirmed the results of the one done at Chippenham. It also revealed that Shaunice had a skull fracture. The CT scans indicated to Dr. Foster that the injuries were acute, having occurred, by Dr. Foster's estimate, sometime between March 27 and March 29.

On April 3, a magnetic resonance imaging procedure (MRI) was performed on Shaunice. The MRI confirmed the findings of the two CT scans and revealed two other fluid collections outside the brain. Those fluid collections were not acute but were chronic; that is, they were greater than two weeks old. Two ophthalmologic exams revealed retinal hemorrhages of Shaunice's right eye, involving multiple layers of her retina. There were no injuries to any other parts of her body.

Based on Shaunice's tests and symptoms, Dr. Foster concluded that she had shaken baby syndrome; that is, that she had been violently and purposefully shaken to such an extent as to cause the injuries shown on the CT scans, the MRI, and the ophthalmologic exams. It was also Dr. Foster's opinion that none of Shaunice's injuries were consistent with a two-foot fall from a sofa to the floor, even if Shaunice had the motor skills and strength to propel herself out of the car seat, something Dr. Foster doubted. Taylor and Damon McBride, the children's father, who was not home at the time of Shaunice's alleged fall, have given no explanation for any of Shaunice's injuries other than the one given by Taylor, that Shaunice fell from the sofa to the floor.

Virginia Code § 16.1-228 provides, in part, as follows:

"Abused or neglected child" means any child:
1. Whose parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement, or impairment of bodily or mental functions....

Virginia Code § 63.2-1525 provides:

In the case of a petition in the court for removal of custody of a child alleged to have been abused or neglected, competent evidence by a physician that a child is abused or neglected shall constitute prima facie evidence to support such petition.

And Va. Code § 16.1-252(G) provides that abuse or neglect must be shown by a preponderance of the evidence. The court finds that such a showing has been made here.

As already noted, Dr. Foster made a specific finding that Shaunice was violently and purposefully shaken to such an extent that it caused the very serious injuries discussed above. In fact, her parents do not contest Dr. Foster's diagnosis. Instead, they say that Shaunice must have been injured by someone other than

either one of them, although they have not suggested who, and that they, Taylor and McBride, should not be held responsible. The court disagrees.

Virginia Code § 16.1-228 defines as an abused or neglected child not only a child whose parents "create[] or inflict[]" a physical or mental injury upon such child by other than accidental means, or whose parents "threaten[] to create or inflict" such an injury, but also a child whose parents "*allow*[] to be created or inflicted upon such child a physical or mental injury by other than accidental means." Emphasis added. While Taylor and Damon McBride claim that they knew nothing of Shaunice's injuries and did not allow them to happen, the timing and extent of those injuries make such claims incredible. The court refuses to believe that neither Taylor nor McBride was aware of the injuries suffered by Shaunice within 72 hours of her visit to Chippenham Hospital's emergency room. Moreover, their insistence that those injuries resulted from a fall from the sofa to the floor, something Dr. Foster said was not consistent with the injuries found, makes their claim of ignorance regarding the earlier injuries equally suspect, especially in light of the fact that Dr. Foster's testimony was not contradicted.

Based on the evidence presented, the court finds that Shaunice McBride is an abused or neglected child within the meaning of Va. Code § 16.1-228. With regard to Diamond, Va. Code § 16.1-241(A)(2a) gives the juvenile court and, on appeal, this court jurisdiction over the custody, visitation, support, control, or disposition of a child "[w]ho is at risk of being abused or neglected by a parent or custodian who has been adjudicated as having abused or neglected another child in the care of the parent or custodian." The Richmond Department of Social Services asks the court to find that Diamond is at risk of being abused or neglected based on Shaunice's abuse or neglect so that the Department can have him examined to determine whether he has been the victim of physical abuse or neglect. In light of the court's findings with regard to Shaunice, the Department's request is reasonable and will be granted.